IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

U.S. DISTRICT COURT
FILED AT WHEELING, WV
FEB - 6 2004
NORTHERN DISTRICT OF WV
OFFICE OF THE CLERK

| | |
|---|---|
| JOHN WROTEN; MICHAEL ANDERSON; THOMAS BANDY; SCOT BARGER; WILLIAM BARRY; MICHAEL BEAVER; DAVID BLACK; PATRICIA BONIEY; JAMES BRADEN; KEITH H. BROWN; JOHN BURKE; CECIL CHIPLINSKI; WILLIAM CRISWELL; JOHN DANIEL; RONALD DIDION; DAVID DRAHOS; LOUIS DVORACEK; TERRIS FARABEE; SHAUN FLANEGIN; JAMMIE FLICK; GARY GAUS; CHARLES GERHART; DAVID GITTINGS; WILLIAM GOLDBAUGH; DANIEL GRIFFIN; JEFFREY GRIFFITH; ROBERT HENRY JR.; CRAIG HESS; KEVIN HESS; ALLEN HOFFER; DANIEL HOLMES; CRAIG HOWARD; RALPH JAMES; RUSTY JEWELL; JAMES KENDLE; KEVIN KETTLER; MARTIN KIMBALL; CRAIG KRINER; FRANK D. KUCA; SHELDON LACAVA; RAYMOND LARUE; FRANK MACKEY; WILLIAM MAGUIRE; MICHAEL MAKRIS; BRYAN MALTONY; ROBYN MARRINER; GREGG MCKENZIE; DONALD MILLER; TY MILLER; THOMAS MITCHELL; BRIAN NICKERSON; WILLIAM NOICE; WILLIAM NOLAN; JOSEPH PETRI; WILLIAM PICCARD; ALBERT POSTLEWAIT; PHILLIP REDFORD; RICHARD ROBBINS JR.; MICHAEL ROXBY; JOHN SCHULTZ; ROBERT STEELE; WESLEY TALKINGTON; DUWANE TAYLOR; MATTHEW TAYLOR; GREG THORNGATE; ULRICH UTT; MICHAEL VANKIRK; MICHAEL VAPNER; KENNETH WALLACE; and MICAH ZINN, Plaintiffs, v. THE CITY OF WHEELING, Defendant. | Civil Action No. 5:04-CV-16<br><br>The Honorable Frederick P. Stamp |

1

## COMPLAINT

**COME NOW** the Plaintiffs, by undersigned counsel, for their Complaint and Causes of Action against the Defendant City of Wheeling, and allege and aver as follows:

## JURISDICTION

1. Jurisdiction in this Court is proper under 28 U.S.C. § 1331 as this matter involves a federal question arising under the Constitution and laws of the United States.

2. Venue in this Court is proper under 28 U.S.C. § 1391(a)(2) as the Defendant resides and does business in this District and all the events at issue took place in this District.

## THE PARTIES

4. The Plaintiffs are all employees of the City of Wheeling.

5. Defendant the City of Wheeling is a municipal corporation organized pursuant to Article 2, Chapter 8 of the Code of West Virginia.

## FACTS

6. On February 1, 2004, the City implemented a new policy under which the City requires its employees to consent to the release of their medical records.

7. Under this policy, any employee who is absent from work due to a medical related reason must sign a form entitled "Consent and Release Form of Personal and Medical Information" (hereafter the "Consent Form"). The Consent Form provides:

> I consent to the disclosure of my health information to the City of Wheeling such as my diagnosis, prognosis, dates of treatment or care, whether or not I was seen or treated by a physician, what medications I am or was taking, whether or not I can return to work and what, if any, restrictions I have.

* * *

The following are persons at the City of Wheeling permitted to obtain the information: Human Resources Director and Human Resources Department Employees.

8. This release encompasses all of the employee's medical records and is not limited to only those records that are relevant to the present illness.

9. The Consent Form also warns that failure to sign the Consent Form will lead to employee's termination: "I understand that my potential or continued employment of me by the City of Wheeling may be conditioned upon my consent as evidenced by my signature on this document."

10. The doctor's note that accompanies the Consent Form warns the physician that the employee may be punished if the physician fails to complete the note or fails to provide full information: "Failure to complete this form in full may result in denial of medical leave."

11. According to the memorandum which announced the policy, this Consent Form applies to "but [is] not limited to" the following: (1) return to work authorization, (2) verification of sick leave benefits, (3) fitness for duty, (4) Family & Medical Leave Act, (5) Americans with Disabilities Act, and (6) Pre-Employment Physical (including drug testing and psychological testing where required).

12. This policy applies to each of the Plaintiffs. One or more of the Plaintiffs has already been asked to provide their signed consent forms.

13. There appear to be no safeguards in place to ensure that this information remains confidential.

## COUNT ONE
## INJUNCTION: 28 U.S.C. § 1651

14. The Plaintiffs re-allege each and every allegation of the Complaint as if fully set out herein.

15. The City has instituted a policy under which it requires City employees to consent to the release of their medical records under threat of termination.

16. This policy applies to each of the Plaintiffs.

17. The apparent justification for this policy is (1) to verify that the employee's use of sick days, FMLA leave, and/or and ADA disability, and (2) to confirm that the employee is medically qualified to return to work.

18. However, the City's demand for medical records is not reasonably tailored to achieving the goals of the policy.

19. Thus, this policy violates the Constitutionally guaranteed privacy rights of the Plaintiffs.

20. Additionally, this policy discriminates against the Plaintiffs because it deprives them of their rights under Health Insurance Portability And Accountability Act.

21. Further, to the extent this policy applies to FMLA leave or ADA claims, this policy violates those statutes.

22. Enforcement of this policy will lead to irreparable harm to the Plaintiffs once their confidential and protected medical records are made available to the City.

23. Consequently, the Plaintiffs are entitled to a permanent injunction to prevent this policy from taking effect and to prevent the City from demanding access to their medical records.

**WHEREFORE**, the Plaintiffs respectfully request that this Honorable Court permanently enjoin the City from enforcing this policy and prevent the City from demanding access to their medical records. The Plaintiffs further request that this Honorable Court issue a preliminary injunction or temporary restraining order until such time as a decision can be reached on whether or not to grant the relief requested herein.

**The Plaintiffs**
Respectfully submitted,

_____
Andrew M. Price (W. Va. Bar No. 9481)
Smith Price Pangburn
P.O. Box 6908
Wheeling, West Virginia  26003
Phone: (304) 547-0343
Fax:    (202) 517-9190